IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **BILLY JOE FURR,** | : | |
| | : | |
| Plaintiff | : | |
| | : | NO. 3:14-cv-007-CAR-CHW |
| VS. | : | |
| | : | |
| **CLARKE COUNTY JAIL, et. al.** | : | |
| | : | |
| **Defendants** | : | |

### ORDER

Plaintiff Billy Joe Furr, a state prisoner currently confined at the Clarke County Jail, in Athens, Georgia, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. Because an initial review revealed that Plaintiff's Complaint failed to provide *any* factual allegations, the United States Magistrate Judge gave Plaintiff an opportunity to supplement his Complaint. Plaintiff was expressly directed to present his claims by listing each defendant and explaining exactly what each did, or did not do, to violate his constitutional rights. See Order, Jan. 23, 2014 (Doc. 7).

Plaintiff has now filed a Supplement (Doc. 8), and after construing all allegations therein liberally and in the light most favorable to Plaintiff, the Court finds that Plaintiff's Complaint and Supplement fail to state a claim upon which relief may be granted. Plaintiff's Complaint is accordingly **DISMISSED** pursuant to § 1915A(b)(1).

1

## STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). ). A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint – when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive a preliminary review, a complaint must "raise the right to relief above the speculative level" by

alleging specific facts and creating "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim.  See Twombly, 550 U.S. at 555-56.

**ANALYSIS OF CLAIMS**

This action arises out of an alleged denial of medical care.  Plaintiff's short supplement alleges (1) that Armor Correctional Health allows unqualified employees to diagnose and "not treat medical conditions;" (2) that Dr. Monica Hill is underqualified; (3) that Plaintiff filed thirty-five sick calls between September 2, 2013 and November 25, 2013 but was denied the opportunity to see a doctor; and (4) that "the health care provider" falsified records to show that Plaintiff had been seen when he had not.

Even if liberally construed, Plaintiff's vague, unsupported, and conclusory allegations are not sufficient to state a claim for relief under § 1983.  See Taylor v. Singletary, 148 F.3d 1276, 1285 (11th Cir. 1998) ("a bare, conclusory allegation . . . is insufficient, without more, to warrant further . . . consideration").  "A prisoner asserting a constitutional claim for inadequate medical treatment must show an 'objectively serious deprivation' of medical care by demonstrating' (1) an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and (2) that the [defendants'] response to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law.'" Bishop v. Pickens

County Jail, 520 F. App'x 899, 900 (11th Cir. May 31, 2013) (quoting Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011)).  Here, Plaintiff has not alleged that he suffered from any specific medical condition, let alone one "sufficiently serious" to warrant Eighth Amendment protection.  Plaintiff likewise fails to provide facts to show that Dr. Monica Hill was "underqualified," that Defendant Armor Health knew of and disregarded Dr. Hill's under-qualification or any other risk posed to Plaintiff, or that Plaintiff suffered any injury as a result of the lack of treatment.  The Complaint also makes no allegations against Defendant Clarke County Sheriff's Office.  Even if it had, Defendants Clarke County Sheriff's Office and Clarke County Jail are not entities that can be sued under § 1983.  See Dean v. Barber, 951 F.2d 1210, 1214–15 (11th Cir. 1992).

Furthermore, in the absence of a physical injury, Plaintiff is precluded from seeking compensatory or punitive damages.  See 42 U.S.C. § 1997e(e); Al-Amin v. Smith, 637 F.3d 1192, 1999 (11th Cir. 2011).  This is the only type relief Plaintiff seeks; his Complaint plainly states that Plaintiff "want[s] to get relief in the form of 5 million dollars for . . . pain and suffering."  Nothing in the Complaint suggests that Plaintiff is seeking nominal damages, a declaration, or injunction.  All of his claims are thus barred by § 1997e(e).  See id.

Therefore, despite the United Magistrate Judge's efforts to have Plaintiff supplement his Complaint with allegations in support of his claims, Plaintiff has failed

4

to provide sufficient facts to state a cognizable claim for relief under § 1983. His Complaint is accordingly **DISMISSED** without prejudice[1] for failure to state a claim.

As Plaintiff was previously advised, the dismissal of this Complaint does not relieve him of the obligation to pay the Court's filing fee. It is thus **ORDERED** that Plaintiff be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of Plaintiff is **DIRECTED** forward said payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee. In the event Plaintiff is released from the custody of the State of Georgia (or any county thereof), he shall remain obligated to pay any balance due on the filing fee until it has been paid in full. If Plaintiff is released from custody and fails to remit payments, collection of any balance due will be authorized by any means permitted by law.

---

[1] "When a *pro se* plaintiff fails to state a claim and a more carefully drafted complaint might state a claim, dismissal should be without prejudice." Washington v. Wigington, No. 1:12–CV–0637–WSD–JFK, 2012 WL 3834844 (N.D. Ga. July 27, 2012); see also Quinlan v. Pers. Transp. Servs. Co., 329 F. App'x 246, 249 (11th Cir. 2009) ("[W]e never have stated that a district court *sua sponte* must allow a plaintiff an opportunity to amend where it dismisses a complaint *without* prejudice."(emphasis in original)).

The Clerk of Court shall send a copy of this Order to the warden or business manager of the Clarke County Jail.

        **SO ORDERED**, this 25th day of February, 2014.

                S/   C. Ashley Royal
                C. ASHLEY ROYAL, Chief Judge
                UNITED STATES DISTRICT COURT

jlr